UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL DIAZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 23-cv-162-WES-PAS |
| | : | |
| WAYNE SALISBURY, CAROLE DWYER | : | |
| JACK SHAMKS, and KATHY LYONS, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER GRANTING IFP MOTION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff, a prisoner in custody of the Rhode Island Department of Corrections ("RIDOC"), has filed a *pro se*[1] complaint pursuant to 42 U.S.C. § 1983 against four RIDOC officials, which, read with appropriate leniency, alleges that RIDOC has failed to protect him from an ongoing known risk of attack by other inmates resulting in serious injury and giving rise to imminent danger. ECF No. 1, as amended by ECF No. 10. Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, together with his certified account statement, ECF No. 9. The IFP motion, which establishes that Plaintiff is financially eligible to proceed without prepaying fees or costs, has been referred to me.[2] Accordingly, I am required by 28 U.S.C. §§ 1915(e)(2) and 1915A to screen his complaint. Because Plaintiff has previously been adjudged to be a "three-striker" ineligible for IFP status

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

[2] Plaintiff has also filed motions for a Fed. R. Civ. P. 16 conference and for appointment of counsel. ECF Nos. 7, 8. These motions have not been referred to me. However, I note that they are premature in that neither a Fed. R. Civ. P. 16 conference nor consideration of the appointment of *pro bono* counsel should occur until Defendants are served and joined.

1

pursuant to the Prison Litigation Reform Act ("PLRA"), Diaz v. Nicholson, C.A. No. 23-186-JJM-PAS, 2023 WL 3434005, at *1 (D.R.I. May 12, 2023); Diaz v. Rhode Island, C.A. No. 21-cv-411-WES-PAS, 2021 WL 5279629, at *5 (D.R.I. Nov. 12, 2021), adopted by Text Order (D.R.I. Nov. 30, 2021), his IFP motion requires the Court to determine whether the pleading falls within the imminent danger exception to the "three-strikes" rule. See 28 U.S.C. § 1915(g) ("three-strikes" rule does not apply if complaint alleges that "the prisoner is under imminent danger of serious physical injury.").

**I.     Background and Analysis**

In a complaint filed in 2021 that was focused on other issues, Plaintiff made a passing reference to having been assaulted three times and to his allegation that his life was in danger. Diaz v. Rhode Island, C.A. No. 21-208-JJM-PAS, 2021 WL 2000478, at *2 & n.2 (D.R.I. May 19, 2021). In dismissing the entire case, the Court advised in a footnote:

> Regarding Mr. [Diaz]'s claim that he was assaulted three times, it is unclear whether these alleged assaults took place while in police custody or while at the ACI. Nor is it clear how his life is in danger. To the extent he alleges events that occurred at the ACI – and which do not implicate the validity of his convictions – he may file a separate complaint raising those allegations.

Id. at *2 n.2 (citations omitted). Later in 2021, Plaintiff filed another case that was also focused on other issues; in a motion to amend filed just before I issued the recommendation that the entire case should be dismissed, he sought to add an unrelated claim – briefly mentioned in hundreds of filed pages – alleging that RIDOC confined him with persons known to be on his enemies list and he had been assaulted. Diaz v. Rhode Island, 2021 WL 5279629, at *5. The Court dismissed the case, and denied the motion to amend, noting that the new claim was completely unrelated, both factually and temporally, to the claims asserted in the original

complaint but that denial of the motion to amend was without prejudice to Plaintiff filing a new case that states the new claim. Id. at *5-6.

In this case, Plaintiff again makes a claim that can be liberally interpreted as alleging that he has been the target of attacks by other inmates due to the ongoing deliberate indifference of RIDOC officials to a known risk of serious harm. He alleges two new assaults, the first on January 15, 2023, and the second, on February 28, 2023. As to the second, the pleading alleges facts that are more than sufficient to establish that it was very serious, in that Plaintiff broke his leg, suffered a seizure from a head injury, was hospitalized and needed leg surgery for the installation of screws and a plate. Based on the delay of almost two weeks before taking him back to the hospital for prescribed medical treatment (leg surgery), Plaintiff also claims constitutionally inadequate health care. ECF No. 1 at 4-5. Plaintiff asks the Court to award compensatory and punitive damages and to require RIDOC "to [p]rotect others [b]etter." ECF No. 1 at 8. Read together with the allegations in the two dismissed complaints referenced above, these allegations establish a pattern of assaults on Plaintiff that was known to RIDOC officials.

For screening purposes,[3] this is more than sufficient to state a plausible claim of conditions of confinement that transgress both the Eighth Amendment and the Due Process clause of the Fourteenth Amendment. See Calderon-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002) (prison officials may be liable for acting with deliberate indifference to inmate health or safety if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference") (citation omitted). The remaining issue is whether it also is sufficient to establish that Plaintiff meets the exception

---

[3] This is a finding for screening purposes. It does not preclude any Defendant from filing a motion to dismiss.

to the "three-strikes" rule because he has plausibly alleged that he "is in imminent danger of serious physical injury." See Petaway v. Porter, C.A. No. 13-794 S, 2014 WL 4168462, at *3 (D.R.I. Aug. 20, 2014). "In order to invoke the exception of the three-strikes rule, two elements must be met: the harm must be *imminent* and the claim for relief asserted must be for the *alleviation* of that threat of harm." Judd v. United States, C.A. No. 06-10172-PBS, 2010 WL 1904869, at *3 (D. Mass. May 5, 2010) (emphasis original). The alleged danger must be more than "fear that a physical attack could occur at some point in the future." Petaway, 2014 WL 4168462, at *3. Plaintiff has alleged a sequence of assaults that goes back to 2021, followed by two more assaults in 2023, including that the most recent assault resulted in very serious injuries, together with a prayer for relief that seeks an order that RIDOC better protect him and others. These allegations establish a risk of serious physical harm that is imminent and that the claim for relief seeks to alleviate the threat of harm. Therefore, I find that Plaintiff has alleged enough to meet the imminent danger exception to the "three-strikes" rule.

      The Court notes that because he is a prisoner Plaintiff is still required to pay the statutory filing fee of $402 for this action. Pursuant to the PLRA, a prisoner seeking to file IFP must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his Complaint. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account. See id. § 1915(b)(2). Plaintiff's account during the five-month period from January 12, 2023, to May 12, 2023, had an average monthly balance of $40.85. Accordingly, Plaintiff is required to pay as an initial filing fee $8.17 ($40.85 x 20% = $8.17).

II.    Conclusion

Plaintiff's IFP motion (ECF No. 2) is granted and the Clerk's Office is directed to procure summonses so that the complaint (comprising both ECF No. 1 and ECF No. 10) may be served. Plaintiff shall make his initial filing fee of $8.17 within thirty (30) days of the date of this Order. RIDOC is directed to forward to the Court each month twenty percent (20%) of the previous month's balance in Plaintiff's account each time the amount in the account exceeds $10.00 until Plaintiff has paid the entire filing fee of $402.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 26, 2023