UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL DIAZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 23-162WES |
| | : | |
| WAYNE SALISBURY, et al. | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR COUNSEL, RULE 16 CONFERENCE AND DISCOVERY
AND RESETTING DEADLINE FOR PLAINTIFF TO OBJECT TO MOTION TO DISMISS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court and referred to me for determination are four motions filed by Plaintiff Samuel Diaz. ECF Nos. 7, 15, 55, 56.

As to the two motions for appointment of counsel from the Court's *pro bono* panel (ECF Nos. 7 and 15), the Court previously ruled that they would be held under advisement in light of the confusion created by Plaintiff's flurry of motions to amend. Text Order of July 18, 2023. Since then, circumstances with respect to appointment of *pro bono* counsel have materially changed in that Plaintiff has been released and has been living in the community since September 8, 2023. See ECF No. 8. Further, from Plaintiff's other cases litigated in this Court, the Court is aware that Plaintiff has had attorneys appointed for him and/or engaged by him, whom he could consult regarding engagement of counsel for this case, which, if meritorious, would yield attorney's fees. Moreover, now pending in this case is Defendants' motion to dismiss, ECF No. 52; the Court is aware that Plaintiff has been effective in self-representation in other cases, particularly at the motion to dismiss phase. See Diaz v. Coyne-Fague, C.A. No. 21-241JJM, 2022 WL 1284498, at *1-8 (D.R.I. Apr. 29, 2022) (denying motion to dismiss as to all but one

defendant), adopted by text order (D.R.I. May 24, 2022). Based on the foregoing, these motions for counsel are now denied without prejudice. See Diaz v. Coyne-Fague, C.A. No. 21-CV-241-JJM-PAS, 2021 WL 5416627, at *3-4 (D.R.I. Nov. 19, 2021) (denying motion for court-appointed counsel, *inter alia* because Court "also may consider the claimant's ability to find his own attorney"). To the extent that Plaintiff again moves for appointment of an attorney, his motion must advise the Court of his efforts to procure counsel on his own. See Diamante v. Town of Coventry, C.A. No. 19-60WES, 2022 WL 1718902, at *1 (D.R.I. May 27, 2022) ("a civil litigant seeking the appointment of *pro bono* counsel must also sustain her burden . . . [and] the Court may consider the litigant's ability to procure an attorney on her own, as well as, for a case like this one involving a claim that, if meritorious, could result in the recovery of attorney's fees, whether the reason for the difficulty in finding an attorney is because it is a meritless case that no lawyer would take were the plaintiff not indigent") (internal quotation marks omitted); Albanese v. Blanchette, C.A. No. 20-00345-WES, 2021 WL 5111862, at *1 (D.R.I. Nov. 3, 2021) (denying motion for counsel and cautioning that plaintiff must advise court of efforts to search for private counsel if motion for counsel is renewed).

As to Plaintiff's renewed motions for a Rule 16 conference and the initiation of discovery (ECF Nos. 55, 56), these are denied for the same reason that identical motions were denied by text order on July 31, 2023. With a motion to dismiss now pending, it is still premature to conduct the Rule 16 conference or initiate discovery.

Finally, the Court notes that all Defendants have responded to the Amended Complaint (ECF No. 39) with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 52. Plaintiff's opposition to that motion was due on October 20, 2023. As of this writing, Plaintiff has failed to file anything. In light of Plaintiff's *pro se* status, the Court hereby extends his time

to file an opposition to November 20, 2023.  Further extensions will be considered to the extent that Plaintiff is able to engage an attorney who needs more time.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 31, 2023